IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ZACHERY LEWIS                                                    PLAINTIFF

                 v.                  Civil No. 4:15-cv-04086

JAMES SINGLETON;
ORLANDO DENNIS; and
CECILIA BLAND                                           DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed *pro se* by the Plaintiff, Zachery Lewis, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Arkansas Department of Correction – Varner Unit ("ADC").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendants' Motion for Summary Judgment. ECF No. 20. I held a hearing on May 12, 2016, at which time, I heard Plaintiff's sworn testimony via video conference in response to the Motion for Summary Judgment. After careful consideration, I enter the following Report and Recommendation.

1. **BACKGROUND**

Plaintiff filed his Complaint on September 8, 2015. ECF No. 1. The Plaintiff's claims relate to an incident that occurred during the time he was incarcerated in the Hempstead County Detention Center ("HCDC"). In his Complaint, Plaintiff names Sheriff James Singleton, Officer

Cecilia Bland and Orlando Dennis (formerly an officer with HCDC) as Defendants. Plaintiff has sued Defendants in their individual capacity only.[1] Plaintiff alleges his constitutional rights were violated when Defendants used excessive force against him causing injuries. He also claims he did not receive adequate medical care following the use of excessive force. ECF No. 1.

Defendants filed a Motion for Summary Judgment on March 28, 2016. ECF No. 20. In this Motion Defendants argued: (1) Plaintiff has not alleged any facts to support a claim of excessive force against Defendants James Singleton or Officer Bland; (2) Plaintiff has failed to show how any Defendant was involved in denying Plaintiff medical care; and (3) the video of the incident demonstrates there was no excessive force used against Plaintiff by Defendant Dennis.

## 2. SUMMARY JUDGMENT RECORD

Counsel for Defendants waived appearance at the hearing. Defendants submitted the following exhibits for the Court's consideration: (1) Video of January 1, 2015 Incident (ECF No. 21-1); (2) Incident Report by Colton Bearden (ECF No. 21-2); (3) Incident Report by Orlando Dennis (ECF No. 21-3); (4) Incident Report by Destini Torres (ECF 21-4); (5) Incident Report by Cecilia Bland (ECF No. 21-5); Incident and Use of Force Report (ECF No. 21-6); and (7) Health Services Request (ECF No. 21-7).

Plaintiff appeared via video conference. He did not submit any exhibits. I asked Plaintiff to provide a sworn statement detailing how he believes his constitutional rights were violated in

---

[1] Although Plaintiff's Complaint is not clear as to what capacity he has sued Defendants, Plaintiff testified at the hearing he is only asserting claims against each Defendant in their individual capacity.

2

response to Defendant's Motion for Summary Judgment. Below is a summary of his sworn testimony:

Plaintiff clarified he is suing each defendant in their individual capacity only. Plaintiff testified on January 1, 2015 his lunch tray, specifically the jello, was not completely done. He asked Defendant Bland for a new tray but she denied his request. Plaintiff then called the control room to request another tray. He continued to wait for a new lunch tray and testified it was taking too long and he became angry. Defendant Dennis entered the pod and yelled at Plaintiff to get back away from the door. Plaintiff admitted he did not move away from the door. Defendant Bland also entered the pod and told Plaintiff to go to his cell. Plaintiff admitted he refused to go to his cell. According to Plaintiff, he had words with both Defendants Dennis and Bland and, without any warning, Defendant Dennis then pepper sprayed Plaintiff. Plaintiff claims he fought back to defend himself and Defendant Dennis hit him with a baton twice across the face while he was in his cell. He also claims Defendant Dennis kicked him. Plaintiff states he did file a grievance but he could not locate it during the hearing. I asked him to send the Court a copy of the grievance within ten days. Plaintiff provided the Court with a copy of the grievance on May 18, 2016.

Plaintiff testified he asked Defendant Bland if he could see a nurse after the incident and she never responded to his request. He also stated he remained in the cell for five hours until he finally received a shower. According to Plaintiff, he did not receive any medical care until two weeks after the incident occurred. Plaintiff testified he sustained injuries during the encounter with Defendant Dennis including a swollen ear, loss of some vision in his right eye, and bruising on his

back and buttocks.[2]  He stated when he finally saw a nurse she gave him Sudafed for his swollen ear and told him she would see him the following week.  After seeing the nurse, he never received any further treatment for his injuries.  According to Plaintiff he now suffers from some loss of vision in his right eye and loss of hearing in his right ear.

Plaintiff testified he is suing Defendant Singleton because he asked to speak with him about the January 1, 2015 incident and he refused.  Plaintiff stated Defendant Singleton was not present on the day the incident occurred.  Plaintiff's only claim against Defendant Dennis is excessive force.  With respect to Defendant Bland, Plaintiff testified she refused to give him a tray and her conduct caused him to become angry which led to the incident with Defendant Dennis.  Plaintiff claims Defendant Bland denied him adequate medical care when she did not respond to his request to see a nurse after the incident with Defendant Dennis.

### 3.  LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party."  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving

---

[2] Plaintiff described his injuries in more detail in his Complaint stating "the right side of my head, from temple to the back of my head was swole, had also swelling to my left temple as well, right ear was gashed open from paton striking me, had two marks across the left side of my back from paton also striking me, one mark across my left buttock from paton striking me, lost some vision in my right eye and loss of hearing in my right ear."  ECF No. 1.

4

party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## 4. DISCUSSION

### A. Claims Against Defendant James Singleton

Under Section 1983, an official can only be held liable for his own conduct and cannot be held liable for the misconduct of a subordinate official under the theory of *respondeat superior. See Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). "A general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (citation omitted). *See also Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3rd Cir. 1988) (holding participation in an after-the-fact review of a grievance is not sufficient to establish personal involvement in the grieved incident).

Plaintiff admitted Defendant Singleton was not present on January 1, 2015 when the altercation between Plaintiff and Defendant Dennis occurred. Plaintiff testified he is only suing Defendant Singleton because he refused to speak with him about the incident. The Complaint

contains no factual allegations against Defendant Singleton to support claims of excessive force or denial of medical care. Accordingly, all claims against Defendant Singleton should be dismissed with prejudice.

### B. Claim of Excessive Force Against Defendants Dennis and Bland

In evaluating an excessive force claim under the Eighth Amendment, the relevant inquiry is whether the force used was applied in a good-faith effort to maintain or restore discipline or was used to maliciously and sadistically cause harm. *See U.S. v. Miller,* 477 F.3d 644, 647 (8th Cir. 2007). In deciding whether a particular use of force was reasonable, the Court is required to consider whether there was an objective need for force, the relationship between the need and the amount of force used, the threat reasonably perceived by correctional officers, the efforts by the officers to temper the severity of the forceful response, and the extent of the inmate's injuries. *See Johnson v. Hamilton,* 452 F.3d 967, 972 (8th Cir. 2006) (citation omitted).

According to the Incident Report filed by Officer Bearden, Plaintiff called up to control and told him "if you don't bring me another tray I am going to "whoop all you sons of bitches when yall come down here". ECF No. 21-2. A review of the video tape of the incident submitted by Defendants (ECF No. 21-1) shows Plaintiff pacing back and forth looking out of the window presumably to see if anyone was bringing him another lunch tray. Plaintiff appears extremely agitated. He takes his shirt off, then puts it back on and kicks the door of a cell. Shortly thereafter, Defendants Dennis and Bland enter the common area and appear to be pointing toward a cell as they speak with Plaintiff. Plaintiff testified he was told to get in a cell and he refused. As Dennis and Bland move towards Plaintiff he rips off his shirt and takes an aggressive stance. Defendant Dennis then pepper sprays Plaintiff and Plaintiff immediately starts swinging and hitting Dennis repeatedly. Dennis wraps his arms around Plaintiff, they struggle and fall to the floor and end up

6

in the doorway of a cell. Plaintiff continued to swing at Dennis as Dennis was attempting to move Plaintiff inside the cell. You can see Dennis striking Plaintiff on his leg with his baton and using his foot to move Plaintiff inside the cell. A review of the video tape shows Dennis backed away and stepped out of the cell as soon as Plaintiff was inside, as ordered, and had stopped resisting.

I do not often recommend granting a motion for summary judgment on claims involving the use of excessive force. However, in this case Plaintiff admits violating the orders of the orders of the correctional officers. Further, the video recording demonstrates the use of force by Defendant Dennis was reasonable under the circumstances. It is also clear Defendant Bland made no physical contact with Plaintiff. Based on all of the evidence presented, Plaintiff's version of the events is contradicted by the record while Defendants' statement of facts is supported by Plaintiff's own testimony and the video recording. Accordingly, there are no genuine issues of material fact and Plaintiff's excessive force claims against Defendants Dennis and Bland will be dismissed with prejudice.

C. Claim of Denial of Medical Care Against Defendant Bland

"Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished." *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989) (citing *Estelle v. Gamble*), 429 U.S. 97, 103 (1976)). Plaintiff testified he asked Defendant Bland if he could see a nurse after the encounter with Defendant Dennis on January 1, 2015. According to Plaintiff, Defendant Bland never responded to his request and he was not seen by a nurse for two weeks. Viewing all the evidence and inferences in the light most favorable to Plaintiff, I find there are genuine issues of material fact with respect to Plaintiff's claim of denial of medical care and the

7

extent of his injuries. Accordingly, the claim for denial of medical care shall proceed against Defendant Bland.

### 5. CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion for Summary Judgment (ECF No. 20) be granted in part and denied in part. The Motion for Summary Judgment should be **GRANTED** with respect to all claims against Defendant Singleton and the claim of excessive force against Defendants Dennis and Bland. These claims should be dismissed with prejudice. The case should be allowed to proceed on the claim of denial of medical care against Defendant Bland.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Dated this 1st day of June 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

8