IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ZACHERY LEWIS                                                                                    PLAINTIFF

v.                                            Civil No. 4:15-cv-04086

CECILIA BLAND                                                                                DEFENDANTS

## ORDER

Before the Court is Plaintiff's *pro se* action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's denial of medical care claim against Defendant Bland is the only claim remaining in this case. Currently before the Court are the issues of Plaintiff's failure to prosecute this case and failure to respond to a Court Order. (ECF No. 29).

On August 17, 2016, the Clerk of the Court received returned mail sent to Plaintiff's address of record: Varner Unit, P.O. Box 600, Grady, AR 71644-0600. The returned mail was marked "Paroled. Unable to forward." Based on the Court's own research, it determined Plaintiff's new address to be 316 Eastridge Drive, Hope, AR 71801-6077. A Text Only Order Regarding Change of Address for Plaintiff was entered on August 17, 2016, and mailed to Plaintiff. This Order reminded Plaintiff that failure to keep the Court apprised of a valid current address would result in dismissal of this case.

On December 15, 2016, United States Magistrate Judge Bryant issued an Order directing Plaintiff to communicate with the Court. (ECF No. 29). The Order gave Plaintiff until January 17, 2017, to communicate whether he intended to proceed with this case. Prior to the issuance of the Court's Order, Plaintiff had last contacted the Court on June 30, 2016, when he filed a Motion for Extension of Time to file a response to the Report and Recommendation issued by

Judge Bryant. (ECF No. 26). To date, Plaintiff has not responded to the Court's Order (ECF No. 29) directing him to communicate with the Court.

"Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the inherent power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey,* 806 F.2d 801, 804 (8th Cir. 1986).

Plaintiff has failed to prosecute this case and has failed to comply with the Court's Order directing him to communicate with the Court. (ECF No. 29). Accordingly, pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 21st day of February, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge